IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CREDIT ONE BANK, N.A. | ) | |
| | ) | |
| v. | ) | NO. 3:11-0563 |
| | ) | |
| LARRY SNEED | ) | |

TO: Honorable Kevin H. Sharp, District Judge

# REPORT AND RECOMMENDATION

By Order entered September 9, 2011 (Docket Entry No. 16), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rule 72(a) and (b) of the Federal Rules of Civil Procedure, for consideration of all pretrial matters.

## I. BACKGROUND

This action was removed from the Chancery Court for Davidson County, Tennessee by Defendant Larry Sneed on June 14, 2011. See Notice of Removal (Docket Entry No. 1). Plaintiff Credit One Bank, N.A., had filed suit against Defendant Sneed on May 10, 2011, in the Chancery Court asserting claims for fraud and breach of contract under Tennessee law based on allegations that Sneed failed to follow through with the terms of a settlement agreement which was intended to settle a lawsuit that Sneed had filed against Credit One in the General Sessions Court of Davidson County, Tennessee and, further, that Sneed fraudulently sought and obtained a default judgment

against Credit One in that lawsuit after Credit One did not send a representative to a state court hearing in the matter based on its belief that Sneed would dismiss the state lawsuit pursuant to the settlement agreement. See Notice of Removal, at Exhibit A (Docket Entry No. 1-1).

Defendant Sneed then removed the Chancery Court action to the Middle District of Tennessee on the basis of federal question jurisdiction under 28 U.S.C. § 1331. See Docket Entry No. 1, at 1. The plaintiff's contention is that original jurisdiction over the action exists under Section 1331 because the suit that he had filed in General Sessions Court asserted violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.[1] In conjunction with his Notice of Removal, Defendant Sneed filed: 1) a motion for joinder (Docket Entry No. 2), seeking to join the instant action with an action against Credit One, which is pending in this Court, Sneed v. Credit One Bank, N.A., No. 3:11-0300; and 2) a motion to dismiss (Docket Entry No. 3) the action filed by Credit One. Both motions are pending before the Court. Credit One has filed a response in opposition to the motion to dismiss, see Docket Entry No. 9, to which the plaintiff has filed a reply. See Docket Entry No. 12. Credit One has indicated that it does not oppose the Notice of Removal or the motion for joinder. See Docket Entry No. 9, at 2.

## II. ANALYSIS

The Court finds that removal of this action was improper because subject matter jurisdiction does not exist over the removed action. 28 U.S.C. § 1447(c) requires that "[i]f at any time before

---

[1] Plaintiff Credit One maintains that the General Sessions action filed by Sneed only asserted a claim under the Tennessee Consumer Protection Act. See Docket Entry No. 1-1, at 3, ¶ 10; Docket Entry No. 9, at 1. However, neither party has provided a copy of the complaint filed in General Sessions Court.

2

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Accordingly, this action should be summarily remanded back to the state court from which it was removed. The Court may take such action sua sponte irrespective of Plaintiff Credit One's lack of opposition to removal of the action. See also Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"A state-court action may be removed to federal court if it qualifies as a civil action . . . of which the district courts of the United States have original jurisdiction . . . ." Rivet v. Regions Bank of La., 522 U.S. 470, 474, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). See also 28 U.S.C. § 1441(a). In the Notice of Removal filed by Defendant Sneed, the only basis set out supporting removal of the action is that the action presents a federal question invoking federal question jurisdiction under 28 U.S.C. § 1331. Thus, the action must have been one that could have originally been filed in federal court because it "[arose] under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 758 (6th Cir. 2000). Contrary to the argument made by Defendant Sneed, the action filed by Credit One does not present a federal question which would have permitted it to have been originally filed in federal court. The action is based solely on state law claims of fraud and breach of contract and does not involve federal questions or causes of action. Furthermore, the action involves allegations of fraud upon the state court, a matter inextricably intertwined with matters of state law. Defendant Sneed contends that the underlying state lawsuit which Credit One was attempting to settle involved a claim brought under federal law. Even if true, this fact is not controlling because that lawsuit is not the action

3

which was removed. It is well-settled that grounds for removal of an action may be based only on the face of the underlying state court complaint which is sought to be removed. Caterpillar, supra; Collins v. Blue Cross Blue Shield of Mich., 103 F.3d 35, 36–38 (6th Cir. 1996).

The removing party has the burden of establishing original federal jurisdiction. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000); B & B Enters. of Wilson Cnty., LLC v. City of Lebanon, 422 F. Supp. 2d 903, 904-05 (M.D. Tenn. 2006). Defendant Sneed has not shown that the claims set out in the state court action present a federal question which supports the assertion of original federal jurisdiction over this action.

Defendant Sneed states in his Notice of Removal that Credit One is a Nevada corporation and that he is a resident of Tennessee. See Docket Entry No. 1, at 2. However, he specifically relies only on the existence of federal question jurisdiction under 28 U.S.C. § 1331 as the basis supporting removal. Id. Given this clear designation of the basis for removal and because "all doubts as to the propriety of removal are resolved in favor of remand," Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999), the Court shall not read into the Notice of Removal the assertion diversity jurisdiction under 28 U.S.C. § 1332 as a basis for removal of the action. Regardless, the plaintiff's mere statement of the residency of the parties is not sufficient to satisfy the requirements necessary to show that federal subject matter jurisdiction would exist under 28 U.S.C. § 1332 since he makes no assertion that the amount in controversy exceeds $75,000.00. See Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006). In addition, 28 U.S.C. § 1441(b) provides that removal of an action which does not present a federal question is improper if any defendant is "a citizen of the State in which such action is brought." See Chase Manhattan Mortg. Corp. v. Smith, 507 F.3d 910, 914 (6th Cir. 2007).

4

Accordingly, pursuant to 28 U.S.C. § 1446(c)(4), the Court RECOMMENDS that this action be summarily remanded back to the Chancery Court for Davidson County, Tennessee.

The Court also RECOMMENDS that the pending motion to dismiss (Docket Entry No. 2) and motion for joinder (Docket Entry No. 3) be DENIED as moot in light of the recommendation that this action be remanded back to the state court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge